Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2022LA000051
Filed Date: 1/18/2022 10:45 AM
Envelope: 16330793
Clerk: SE

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | |
|---|---|
| LAURA TINOCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2022LA000051 |
| v. ) | |
| ) | |
| WALMART, INC. ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

NOW COMES the Plaintiff, LAURA TINOCO, by and through her attorneys, WHITESIDE & GOLDBERG, LTD., and for her Complaint at Law against Defendant, WALMART, INC., states and alleges as follows:

### COUNT I

1. That on or about July 13, 2021 at approximately 6:00 p.m. and prior thereto, WALMART, INC. owned, possessed, operated, managed, maintained and controlled a certain premises commonly known as the Walmart Supercenter, store # 1256, located at or about 2424 W. Jefferson Street, in the City of Joliet, County of Will, State of Illinois (hereinafter "the premises").

2. That on or about said time and date, WALMART, INC. had a duty to operate, manage, maintain and control said premises with reasonable care, both directly and indirectly, individually and through its agents, servants and employees.

3. That at the aforesaid time and place and prior thereto, WALMART, INC., well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although WALMART, INC. knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

Initial case management set for
05/09/2022 at: 9:00 a.m.

EXHIBIT B

4. That at the aforesaid time and place, the Plaintiff was a patron/business invitee of the premises and was walking where the eggs and butter are located within the premises.

5. At said time and place, WALMART, INC., both directly and indirectly, individually and through its agents, servants and employees, allowed a transparent and slippery substance to remain on the floor where Plaintiff was located.

6. That WALMART, INC. both directly and indirectly, individually and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

   b. Failed to make a reasonable inspection of the aforesaid premises and the floor-space in the aforementioned area, when WALMART, INC. knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

   c. Failed to warn the Plaintiff of the dangerous condition of said floor-space, when WALMART, INC. knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

   d. Failed to properly clean/remove the foreign substance from the floor in the aforementioned area in order to prevent Plaintiff and/or other people from being injured therein;

   e. Failed to post a sign, plaque, or other visible warning of the danger presented by said floor space; and/or

   f. Failed to post a sign, plaque, or other visible warning in a place in which it could readily be seen by the Plaintiff and/or other people in the area.

7. That on the aforementioned date and as a result of one or more of the aforesaid acts and/or omissions of WALMART, INC., the Plaintiff was caused to be injured when she slipped and fell on the foreign substance on the floor in the aforementioned area of the premises.

8. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of WALMART, INC., the Plaintiff then and there sustained severe

and permanent injuries both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in body and mind, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injury and has also suffered lost wages.

WHEREFORE, the Plaintiff, LAURA TINOCO, demands judgment against Defendant, WALMART, INC., in a dollar amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Will County, Illinois.

Respectfully submitted,
WHITESIDE & GOLDBERG, LTD.

David H. Latarski
One of the Attorneys for Plaintiff

WHITESIDE & GOLDBERG, LTD.
301 Channahon Street
Shorewood, IL 60404
Phone: (815) 730-7535
Fax: (800) 334-6034
E: DLATARSKI@WGLAWGROUP.COM
ARDC No.: 6313321